OPINION
{¶ 1} This is an appeal from the Stark County Court of Common Pleas from the trial court's classification of Appellant as a sexual predator.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 4, 1995, the Stark County Grand Jury returned an indictment against Appellant charging him with two counts of rape, one count of gross sexual imposition, one count of felonious sexual penetration and one count of endangering children.
 {¶ 3} On June 8, 1995, Appellant entered a plea of guilty to the charges in the indictment and was sentenced to an indeterminate term of incarceration of ten (10) to twenty-five (25) years for the rape charge and the felonious sexual penetration charge and a determinate term of two (2) years for the gross sexual imposition charge and the child endangering charge. The sentences were ordered to be served concurrently. Appellant did not appeal his conviction.
 {¶ 4} On February 19, 2002, the trial court held a sexual predator hearing. The evidence produced at the hearing included testimony by Detective Armstrong, Appellant's taped confession which included sexual abuse of two other young girls for which appellant had not been charged, and Appellant's own testimony wherein he admitted his pedophilia and his urges to molest young girls whenever he sees a picture of one.
 {¶ 5} On February 19, 2002, the trial court entered its judgment classifying Appellant as a sexual predator.
 {¶ 6} It is from this determination that Appellant appeals, assigning the following error:
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT'S DECISION TO CLASSIFY APPELLANT AS A SEXUAL PREDATOR WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Appellant argues that the State failed to produce to clear and convincing evidence upon which the trial court could find her to a sexual predator as required by R.C. 2950.02(E). We disagree.
 {¶ 9} Revised Code § 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses * * *." In determining whether an offender is a sexual predator, the judge shall consider all relevant factors, including but not limited to the following:
 {¶ 10} R.C. § 2950.09(B)(2) lists the factors a trial court should consider in making a sexual predator determination:
 {¶ 11} "(a) The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually
 {¶ 16} oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender;
 {¶ 19} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 22} The standard of proof in determining whether an offender is a sexual predator is the clear and convincing evidence standard. See R.C. § 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 23} In the case sub judice, the court's conclusion that appellant was likely to re-offend was supported by competent, credible evidence. Appellant sexually molested the daughter of his live-in girlfriend. At the time of the offense the victim was six years old. The abuse continued over a two-year period. Over this time period, Appellant's molestation of the child escalated from fondling to digital penetration to fellatio to making the child masturbate him. Appellant, in his taped confession to Detective Armstrong, claimed that the child instigated the sexual activity. Appellant also confessed to the commission of similar acts with the daughters of his former wife and prior girlfriend. Appellant also testified at the classification hearing that he still has urges to molest little girls.
 {¶ 24} Based on the evidence presented to the trial court, the judgment classifying appellant as a sexual predator is supported by competent, credible evidence. Appellant's sole assignment of error is overruled.
 {¶ 25} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Boggins, J., W. Scott, Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.